## The Inhabitants of HINGHAM *versus* SAMUEL SPRAGUE.

Where land was leased for one year, by the selectmen of a town, in pursuance of a vote of the town, authorizing the selectmen to let the same, but the lease was not in writing, it was *held*, that such vote was not in itself a lease ; that by virtue of *St.* 1783, *c.* 37, § 1, the lease by the selectmen created at most a tenancy at will only ; and therefore, that the town might maintain trespass *quare clausum fregit* against a stranger for an injury done to the freehold during the continuance of the lease

TRESPASS *quare clausum.* At the trial, before *Wilde* J., it was proved, that the close within which the trespass was committed, was leased by the selectmen of Hingham, for one year, in pursuance of a vote of the plaintiffs, authorizing the selectmen " to let the town wharf as heretofore ; " but the lease was not ·in writing. Before the year had expired the defendant entered, and filled up the dock. It being proved, that at least a part of the trespass was committed upon the close of the plaintiffs, it was agreed, that if it should be the opinion of the Court, that the plaintiffs could maintain the action, the defendant should be defaulted, and the damages be assessed at the sum of $20 ; otherwise, the plaintiffs were to be nonsuited.

*Oct. 25th.* *Baylies* and *Lincoln*, for the plaintiffs, to the point, that as this was a parol lease, it had the effect of a lease at will only, cited *St.* 1783, *c.* 37, § 1 ; *Ellis* v. *Paige*, 1 Pick. 43 ; 6 Dane's Abr. 116 ; to the point, that trespass *qu. cl.* might be maintained by the lessors, for a permanent injury to land in the possession of a tenant at will, or even where it is in the possession of a tenant for a term of years, *Starr* v. *Jackson*, 11 Mass. R. 519 ; *Bulkley* v. *Dolbeare*, 7 Connect. R. 232 ; 1 Co. Litt. 57 *a* ; 4 Kent's Comm. 94 ; 7 Bac. Abr. 269, *Waste*, *H* ; 6 Bac. Abr. 593, *Trespass*, *G* 2.

*Wood* and *Gay*, for the defendant, cited, 6 Bac. Abr. 566, *Trespass*, *C* 3 ; Com. Dig. *Trespass*, *B* 2, *B* 3 ; *Lambert* v. *Stroother*, Willes, 221 ; *Damon* v. *Granby*, 2· Pick. 352 *Campbell* v. *Arnold*, 1 Johns. R. 511 ; *Taylor* v. *Townsend*, 8 Mass. R. 415 ; 1 Chitty on Pl. 175.

MORTON J. delivered the opinion of the Court. The only question, which we are required to consider, is, whether the plaintiffs had such a possession of the *locus in quo*, as will enable them to maintain this action.

The Inhabi-
tants of
Hingham
*v.*
Sprague.
────────
*May term*
1834, *at*
*Plymouth.*

By the decision in *Starr* v. *Jackson*, 11 Mass. R. 519, a decision which was well considered, and has long been acquiesced in, it was settled, that a lessor at will might maintain trespass *quare clausum fregit.*

The *locus in quo* was, at the time of the trespass, in the *actual occupation* of a third person in pursuance of a *parol* contract with the selectmen of the town of Hingham. Did this constitute a tenancy at will, or for a term certain ? If the latter, this form of action cannot be sustained; if the former, it may.

By *St.* 1783, *c.* 37, § 1, all leases by parol shall have the force and effect of leases at will only.

The vote of the town authorized the selectmen " to let the town wharf as heretofore." This was necessarily evidenced by writing, and gave ample power to the selectmen to make a valid lease. Towns, in this State, may make grants of real estate by corporate votes ; and *a fortiori*, if they can grant the fee, they can pass any subordinate interest in the estate. But this vote did not purport to pass any interest in the *locus in quo*, and cannot by any reasonable construction be construed to amount to a lease. No consideration is fixed, and no grantee or lessee named. No person therefore, by the force of this act of the town, without an execution of the authority contained in it, could pretend to claim any interest in the estate.

If the agents executed the power vested in them, their act became the act of the principal. And unless a parol lease made by attorney has greater force and effect than if made by the lessor himself, it is very clear, that the parol contract of the selectmen created at most a tenancy at will. This cannot be pretended. It is within the words, as well as the spirit of the statute.

*Defendant defaulted.*